# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:17-cv-00240-MR

| | |
|---|---|
| LATOYIA CARTER, ) )<br>            **Plaintiff,**   ) )<br>vs.                            ) )<br>NANCY A. BERRYHILL,    )<br>**Acting Commissioner of Social**  )<br>**Security**                                 )<br>             **Defendant.**      ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 8] and the Defendant's Motion for Summary Judgment [Doc. 11].

## I. PROCEDURAL BACKGROUND

The Plaintiff, Latoyia Carter ("Plaintiff"), asserts that her migraine headaches, depression, post-traumatic stress disorder, and chronic back pain constitute severe impairments under the Social Security Act (the "Act") rendering her disabled. On June 25, 2015, the Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging an onset date of October 11, 2013. [Transcript ("T.") at 200]. The Plaintiff's application was denied initially and upon reconsideration. [T.

at 123, 129]. Upon Plaintiff's request, a hearing was held on September 12, 2016, before an Administrative Law Judge ("ALJ"). [T. at 47, 137]. Present at the hearing were the Plaintiff; Daniel Bridgman, Plaintiff's attorney; and a vocational expert ("VE"). [T. at 47]. On November 25, 2016, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. at 21-41]. On March 6, 2017 the Appeals Council denied the Plaintiff's request for review of the ALJ's Decision, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-3]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

3

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or

4

work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the

5

application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at step five.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date, October 11, 2013. [T. at 24]. At step two, the ALJ found that the Plaintiff has severe impairments including post-traumatic stress disorder, depression, migraine headaches, and chronic back pain. [Id. at 25]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 C.F.R. § 416.967(b) except occasionally climb ladders, ropes, or scaffolds; frequently use ramps and stairs; occasionally stoop, kneel, crouch, and crawl; occasional exposure to workplace hazards such as unprotected heights and dangerous machinery; limited to performing simple routine tasks, requiring only occasional interaction with the general public, no fast paced, production rate work, and few, if any, workplace changes.

[Id. at 27].

At step four, the ALJ identified Plaintiff's past relevant work as a fast food manager, truck driver, food service supervisor, and cashier checker.

[Id. at 38]. The ALJ observed, however, that the Plaintiff "would be unable to perform her past relevant work." [Id.].

With the Plaintiff having carried her burden through the first four steps, the ALJ then assessed whether, at step five, the Commissioner could meet her burden of showing the availability of jobs Plaintiff is able to do, given her RFC. [Id. at 38-9]. Based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including laundry folder, housekeeper, and hand packager. [Id. at 39]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act since October 11,2013, the alleged onset date. [Id. at 39-41].

## V. DISCUSSION[1]

In this appeal, the Plaintiff makes three assignments of error. First, the Plaintiff asserts that the ALJ erred in evaluating the vocationally limiting effects of her migraine headaches. [Doc. 9 at 4]. Next, the Plaintiff contends the ALJ erred in failing in evaluating the treating physician opinion. [Id.]. Finally, the Plaintiff argues the ALJ erred in failing to assign weight to the

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Department of Veterans Affairs ("VA") disability rating as required by the Fourth Circuit. [Id. at 4, 12-16]. The Court turns first to Plaintiff's assignment of error regarding the weighing of the VA disability rating.

On June 10, 2016, the VA issued a decision granting the Plaintiff entitlement to individual unemployability payments because she is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." [T. at 1426]. Specifically, the VA assigned Plaintiff a 10% disability rating for her lumbar strain; a 70% disability rating for her post-traumatic stress disorder; and a 50% disability rating for her migraine headaches. [T. 1426-8]. Plaintiff argues that the ALJ's failure to state what amount of weight, if any, she assigned to the VA's disability rating was reversible error, citing for support the Fourth Circuit's decision in Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012). As the Fourth Circuit observed in Bird, "[b]ecause the purpose and evaluation methodology of both [the VA and SSA] programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d at 343.

In Bird, the Fourth Circuit held that:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged

> disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, <u>an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate</u>.

<u>Id.</u> at 343 (emphasis added). Here, while the ALJ spent considerable time discussing the differences between the VA's standards and the SSA's standards in assigning disability ratings, the ALJ made no finding regarding what weight, if any, should be assigned to the VA's disability ratings. [T. at 21-27]. Rather, the ALJ found that

> [i]n all of the C&P exams, the claimant's occupational and social impairments were described as "reduced reliability and productivity." This level of impairment does not equate with a finding of disability.

[T. at 38]. Because the ALJ did not assign a weight to the VA disability ratings, the Court cannot determine whether "the record before the ALJ clearly demonstrates that such a deviation is appropriate." <u>See</u> <u>Bird</u>, 699 F.3d at 343. As such, the ALJ's failure to assign a weight to Plaintiff's disability ratings by the VA frustrates meaningful review of the ALJ's decision on this issue. For this reason, the decision of the ALJ must be reversed.

In light of this decision, Plaintiff's other assignments of error regarding the ALJ's assessment of her migraine headaches and evaluation of the

treating physician need not be addressed but may be raised by her on remand.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall properly weigh Plaintiff's VA disability ratings as required by the Regulations and the Fourth Circuit's decision in <u>Bird</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 8] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 11] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 6, 2018

Martin Reidinger
United States District Judge